IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FRANCIS TEJANI KUNDRA, #20661647, | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | 3:05-CV-2511-M |
| | ) | |
| CYNTHIA FIGUEROA CALHOUN, | ) | |
| Dallas County Clerk, | ) | |
|     Respondent. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this cause has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a petition for writ of mandamus brought by a detainee of the Bureau of Immigration and Customs Enforcement.[1]

Parties: Petitioner is presently confined at the Rolling Plains Detention Center in Haskell, Texas. Respondent is Cynthia Figueroa Calhoun, a deputy clerk at the Dallas County

---

[1] When a petition for writ of mandamus is filed, "the nature of the underlying action" determines the applicability of the Prison Litigation Reform Act (PLRA). In re Crittenden, 143 F.3d 919, 920 (5th Cir. 1998). In this instance, the underlying action sounds in habeas since it stems from post-conviction proceedings. Accordingly the petition in this case is not subject to the fee payment or the three-strike provisions of the PLRA. See In re Stone, 118 F.3d 1032, 1034 (5th Cir. 1997) (petition for writ of mandamus that arose out of application for post-conviction relief was not subject to PLRA fee payment requirements); cf In re Crittenden, 143 F.3d at 920 (three-strike provision applies to petition for writ of mandamus which arises from an underlying civil rights action).

District Clerk's Office. The Court has not issued process, pending preliminary screening.

Statement of Case: Petitioner seeks to compel an employee of the Dallas County District Clerk's Office to file state habeas corpus writs, which he submitted for filing in September and November 2005 in case numbers MB02-18499-E and MB02-58084-H in County Criminal Court Nos. 4 and 7. (Mandamus pet. at 1-2). Petitioner states he has a right to file these state writs pursuant to art. 11.05, of the Texas Code of Criminal Procedure, and that Ms. Calhoun has ignored his request for information. He explains the writs seek to withdraw his guilty pleas in case numbers MB02-18499-E and MB02-58084-H.[2]

Findings and Conclusions: The Court has permitted Petitioner to proceed *in forma pauperis*. His complaint is, thus, subject to screening under 28 U.S.C. § 1915(e)(2), which provides for *sua sponte* dismissal if the Court finds that the complaint is "frivolous" or that it "fails to state a claim upon which relief may be granted." A complaint is frivolous, if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

Federal courts are without power to issue writs of mandamus against state officers in the performance of their duties where mandamus is the only relief sought. Moye v. Clerk, DeKalb County Sup. Court, 474 F.2d 1275, 1275-76 (5th Cir. 1973). A review of the pleadings in this

---

[2] The petition relies on art. 11.05, which provides that "[t]he Court of Criminal Appeals, the District Courts, the County Courts, or any Judge of said Courts, have power to issue the writ of habeas corpus; and it is their duty, upon proper motion, to grant the writ under the rules prescribed by law." Tex. Code Crim. Proc. art. 11.05. It is plausible that Petitioner is seeking to file post-conviction writs pursuant to art. 11.07, of the Texas Code of Criminal Procedure. A search of the Texas Court of Criminal Appeals' (TCCA's) website reflects that Petitioner previously filed four art. 11.07 writs challenging his convictions from the 265th Judicial District Court of Dallas County, in Cause Numbers F03-00814-R, F03-00810-R, F03-00800-R, and F04-53349-R, and that those writs are presently pending before the TCCA. See Exparte Kundra, Nos. WR63,039-01 through 04.

2

case reflects that the only relief sought is mandamus against Ms. Calhoun, a Dallas County District Clerk's Office employee. The petition specifically asserts that Ms. Calhoun refused to file Petitioner's state habeas writs in case numbers MB02-18499-E and MB02-58084-H. Therefore, Petitioner's request for a writ of mandamus against the Dallas County District Clerk or any of his employees lacks an arguable basis in law and should be dismissed with prejudice as frivolous pursuant to § 1915(e)(2)(B)(i).  See Santee v. Quinlan, 115 F.3d 355, 357 (5th Cir. 1997) (affirming dismissal of petition for writ of mandamus as frivolous because federal courts lack the power to mandamus state courts in the performance of their duties).

RECOMMENDATION:

For the foregoing reasons, it is recommended that the petition for writ of mandamus be dismissed with prejudice as frivolous.  See 28 U.S.C. § 1915(e)(2)(B)(i).

A copy of this recommendation will be mailed to Petitioner.

Signed this 10th day of January, 2006.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

3

## NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.