IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FRANCIS TEJANI KUNDRA, #20661647, | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | 3:05-CV-2511-M |
| | ) | |
| CYNTHIA FIGUEROA CALHOUN, | ) | |
| Dallas County Clerk, | ) | |
|     Respondent. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the District Court's order of reference filed on May 24, 2006, Petitioner's Motion filed on May 22, 2006, seeking leave to file a motion for reconsideration has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

On February 2, 2006, the District Court adopted the Findings, Conclusions and Recommendation of the undersigned Magistrate Judge and filed a judgment dismissing the petition for writ of mandamus with prejudice as frivolous. In the findings, the Court noted that Petitioner sought to compel Cynthia Figueroa Calhoun, an employee of the Dallas County District Clerk's Office, to file post-conviction state habeas corpus writs. Relying on Moye v. Clerk, DeKalb County Sup. Court, 474 F.2d 1275, 1275-76 (5th Cir. 1973), this Court held that Petitioner's pleadings sought mandamus type relief, and that federal courts were without power to issue writs of mandamus against state officers in the performance of their duties where mandamus was the only relief sought. Petitioner did not appeal.

On May 22, 2006, Petitioner filed the instant motion for leave to file a motion for reconsideration. He asks the Court to reconsider its ruling. In particular, he alleges that Respondent "has denied me this very important right" -- namely the alleged failure to file a state writ – and that he wishes to sue her "in her personal capacity as a private citizen pursuant to a Biven[s] action." (Pet's Mot. at 1).

Insofar as Petitioner seeks to rely on Rule 59(e), Federal Rules of Civil Procedure, his motion for leave should be denied because it was not filed within ten days after entry of judgment. See Fed. R. Civ. 59(e). Moreover, Petitioner cannot make the requisite showing under Rule 59(e).[1]

Liberally construing Petitioner's motion as one for relief from judgment under Federal Rule of Civil Procedure 60(b), it fares no better. Rule 60(b)(1) through (b)(5), which address inadvertence, excusable neglect, newly discovered evidence, fraud, and misrepresentation, do not apply in this case. Rule 60(b)(6) provides that "the court may relieve a party . . . from a final judgment . . . [for] any other reason justifying relief from the operation of the judgment." Relief under this subsection is available "'only if extraordinary circumstances are present.'" Government Financial Services One Ltd. Partnership v. Peyton Place, Inc., 62 F.3d 767 (5th Cir. 1995) (quoted case omitted).

---

[1] There are four general grounds upon which a court may alter or amend a final judgment under Rule 59(e): (1) new evidence has become available; (2) it is necessary to correct manifest errors of law or fact upon which the judgment is based; (3) it is necessary to prevent manifest injustice; or (4) the existence of an intervening change in the controlling law. In re Benjamin Moore & Co., 318 F.3d 626, 629 (5th Cir. 2002); Peterson v. Cigna Group Ins., 2002 WL 1268404, at *2 (E.D. La. 2002). A party may not use a Rule 59(e) motion to relitigate issues that "should have been urged earlier or that simply have been resolved to the movant's dissatisfaction." Id. It is within this Court's discretion whether to reopen a case under Rule 59(e). Weber v. Roadway Exp., Inc., 199 F.3d 270 (5th Cir. 2000).

"Extraordinary circumstances" are not present in this case. Moreover, as noted in the Findings, Conclusions and Recommendation filed on January 11, 2006, Petitioner's pleadings only sought mandamus type relief against Respondent Calhoun. While Petitioner now seeks to raise a civil rights violation against Respondent Calhoun, he has not alleged the violation of a federal constitutional right. Accordingly, to the extent Petitioner seeks to rely on Rule 60(b), his motion for leave to file a motion for reconsideration should be denied.

RECOMMENDATION:

For the foregoing reasons, it is recommended that the District Court deny Petitioner's motion for leave to file a motion for reconsideration (docket # 9).

A copy of this recommendation will be mailed to Petitioner.

Signed this 19 day of June , 2006.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.